UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN H. SMITH., <br><br> Plaintiff, <br><br> v. <br><br> ASCENSION ACQUISITION, LLC et al., <br><br> Defendants. | CASE NO. 2:24-cv-01987-LK <br><br> ORDER GRANTING JOINT MOTION FOR STAY AND DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT |

This matter comes before the Court on the parties' Joint Motion for Stay, Dkt. No. 16, and Plaintiff's Motion for Entry of Default as to Defendant Ascension Acquisition, LLC, Dkt. No. 7. For the reasons described below, the joint motion to stay is granted and the motion for entry of default is denied.

On December 3, 2024, Plaintiff Stephen H. Smith filed a complaint asserting breach of contract and unjust enrichment claims against Defendants. Dkt. No. 1 at 9–10. On January 7, 2025, Plaintiff moved for entry of default against Ascension because it "has neither filed a responsive pleading, appeared in the case, nor otherwise defended in any capacity." Dkt. No. 7 at 2. An attorney for Ascension has since appeared, Dkt. No. 15, and the parties now indicate that

ORDER GRANTING JOINT MOTION FOR STAY AND DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT - 1

1  Ascension will respond to the complaint at the appropriate time, Dkt. No. 16 at 2. Separately, on
2  January 9, 2025, Defendants Ryker Douglas, LLC and Douglas M. Leech moved to stay or dismiss
3  because they, along with Smith, "are parties to a settlement agreement that contains a mandatory
4  dispute-resolution clause that requires all disputes to be resolved by Mediator Jay Kornfeld." Dkt.
5  No. 10 at 1. On January 21, 2025, all parties jointly moved to stay the case "pending a
6  determination of arbitrability by mediator Jay Kornfeld." Dkt. No. 16 at 1. Although the mediator's
7  decisions on arbitrability and otherwise apply only to the claims against Defendants Ryker Douglas
8  and Leech, and not the claim against Ascension, the parties request to stay the entire federal case
9  during the pendency of the mediator's review. Dkt. No. 16-1 at 1. Smith has indicated that he may
10 not pursue the claim against Ascension in federal court if the mediator assumes jurisdiction over
11 (and renders a final decision on) the claims against Defendants Ryker Douglas and Leech. *Id.* at 2.

12  "[T]he power to stay proceedings is incidental to the power inherent in every court to
13 control the disposition of the causes on its docket with economy of time and effort for itself, for
14 counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order
15 a stay of the action pursuant to its power to control its docket and calendar and to provide for a
16 just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593
17 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several
18 factors, including "the possible damage which may result," "the hardship or inequity which a party
19 may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v.
20 Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

21  A stay is appropriate here to preserve the parties' and the Court's resources and to avoid
22 the risk of conflicting decisions while the case is before the mediator. A stay to allow the mediation
23 process to play out will not cause any damage, nor any hardship or inequity to any party, and will
24 promote the orderly course of justice.

The Court thus GRANTS the parties' joint motion to stay. Dkt. No. 16. The Court ORDERS as follows:

1. All deadlines in this case are stayed until (1) the mediator's decision on arbitrability, should he determine that the parties' dispute is not arbitrable, or (2) the mediator's final decision, should he determine that the parties' dispute is arbitrable.

2. If the mediator finds that the parties' dispute is not arbitrable, then:

   a. Ryker Douglas and Leech will withdraw their Motion to Stay or Dismiss and file an answer to the Complaint within 21 days of the mediator's determination; and

   b. Ascension will file an answer to the Complaint or a Motion to Dismiss within 21 days after its counsel is notified in writing of the mediator's determination.

3. If the mediator finds that the parties' dispute is arbitrable, Smith will notify the Court within 30 days of the conclusion of arbitration whether he intends to continue to pursue his claim against Ascension and, if so, the parties will simultaneously jointly submit proposals regarding briefing and filing deadlines to the Court.

Separately, because Ascension has appeared and the parties jointly indicate that it will respond to the complaint at the appropriate time, the Court DENIES Plaintiff's Motion for Entry of Default. Dkt. No. 7.

Dated this 24th day of January, 2025.

*Lauren King*
Lauren King
United States District Judge