UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN H. SMITH, | CASE NO. 2:24-cv-01987-LK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| ASCENSION ACQUISITION LLC et al., | |
| Defendants. | |

    This matter comes before the Court sua sponte. Plaintiff Stephen Smith asserts that the Court has subject matter jurisdiction "because there is complete diversity of citizenship between the parties as no person or entity, other than Mr. Smith, resides in the State of Washington, and the matter in controversy exceeding the sum or value of $75,000, exclusive of interest and costs." Dkt. No. 1 at 2. For the reasons discussed below, Smith has failed to properly set forth the parties' citizenship.

    Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an

ORDER TO SHOW CAUSE - 1

"inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Smith does not properly set forth his own citizenship, nor the citizenship of Defendants. *See* Dkt. No. 1 at 1–2 (pleading that Smith "is a resident of the State of Washington"; Ryker Douglas "is now a Florida limited liability company, which, upon information and belief, is principally owned by Messrs. Leech and Boggs and managed, in part, by Mr. Boggs. RD's principal place of business is in Largo, Florida"; Leech "is, upon information and belief, an individual residing in Windermere, Florida. Mr. Leech is an owner of the equity interest of RD along with Mr. Boggs"; and "[u]pon additional information and belief, Mr. Leech transferred a majority interest in RD to Mr. Boggs to mislead a private equity purchaser Renovus, with regard to what he owned, but whether that illusory transfer was reversed after the fact is unknown"; "Mr. Boggs is not a resident of the State of Washington").

Individuals are citizens of the place in which they are domiciled, which is not necessarily the same as where they reside. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). And an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

"It is to be presumed that a cause lies outside th[e] [court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Smith has failed to properly identify the citizenship of the parties. It is therefore unclear whether the parties are truly diverse.

*See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory[.]"); *see also, e.g.*, *Un Boon Kim v. Shellpoint Partners, LLC*, No. 15-cv-611-LAB (BLM), 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) (finding that diversity was inadequately pled when the operative complaint made "the conclusory allegation that '[Defendant] is a citizen of the state of Georgia.'").

Therefore, the Court ORDERS Smith to show cause why this case should not be dismissed for lack of subject-matter jurisdiction due to lack of complete diversity of citizenship. The Court further ORDERS Defendant Ryker Douglas, LLC to file a corrected Corporate Disclosure Statement that "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or [] states that there is no such corporation," Fed. R. Civ. P. 7.1(a); *see also* LCR 7.1(a), and clearly names and identifies the citizenship of "every individual or entity whose citizenship is attributed to that party," Fed. R. Civ. P. 7.1(b); *see also* LCR 7.1(b).

If the parties comply with this Order within seven days, the Court will discharge this Order.

Dated this 10th day of December, 2025.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3